Stephen W. Tully (SBN 014076)
**GORDON & REES, LLP**
111 W. Monroe Street, Suite 1600
Phoenix, Arizona 85003
Telephone: (602) 794-2460
Facsimile: (602) 265-4716
stully@gordonrees.com

Attorneys for Defendants
Riversource Life Insurance Company and
Ameriprise Financial Services, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTINE HELD, an Arizona Resident, | **CASE NO.** |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| vs. | |
| RIVERSOURCE LIFE INSURANCE COMPANY f/k/a IDS LIFE INSURANCE COMPANY, a Foreign Insurance Company; AMERIPRISE FINANCIAL SERVICES, INC. f/k/a AMERICAN EXPRESS FINANCIAL SERVICES, INC., a Foreign Business; DOES 1-10, ROES 1-10, | |
| Defendants. | |

Defendants Riversource Life Insurance Company and Ameriprise Financial Services, Inc. (collectively, "Defendants") hereby answer the complaint filed by Plaintiff in this action (the "Complaint"), and state as follows:

## **PRELIMINARY STATEMENT**

Plaintiff fails to describe the alleged underlying claims with sufficient particularity to enable Defendants to determine all of its legal, contractual and equitable rights. Accordingly, Defendants reserve the right to amend and supplement the averments of its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery in this action.

////

-1-

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of the Complaint.

## PARTIES, JURISDICTION AND VENUE

1. Answering Paragraph 1 of the Complaint, Defendants admit based on information and belief that Plaintiff currently resides in Maricopa County, State of Arizona. Except as expressly admitted, Defendants deny each and every allegation of Paragraph 1.

2. Answering Paragraph 2 of the Complaint, Defendant Ameriprise Financial Services, Inc. ("Ameriprise Financial") admits it is a foreign corporation with its principal place of business in Minneapolis, Minnesota and that it is licensed to do business in the State of Arizona. Ameriprise Financial further admits it was formerly known as American Express Financial Services, Inc. Except as expressly admitted, Ameriprise Financial denies each and every allegation of Paragraph 2.

3. Answering Paragraph 3 of the Complaint, Defendant Riversource Life Insurance Company ("RiverSource Life") admits it is a corporation with its principal place of business in Minneapolis, Minnesota and that it is licensed to sell insurance and does sell insurance in the State of Arizona. RiverSource Life further admits it was formerly known as IDS Life Insurance Company. Except as expressly admitted, RiverSource Life denies each and every allegation of Paragraph 3.

4. Answering Paragraph 4 of the Complaint, Defendants deny each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, Defendants deny each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendants are without information and belief to respond to the allegations and on that basis deny each and every allegation contained therein.

1   7. Answering Paragraph 7 of the Complaint, Defendants admit that
2   jurisdiction and venue are appropriate in the United States District Court for the District
3   of Arizona.

## GENERAL ALLEGATIONS

5   8. Answering Paragraph 8 of the Complaint, Defendants admit that Plaintiff
6   was issued Disability Income Insurance Policy number 9100-02578127 with a policy date
7   of March 15, 1991 (the "Policy") by IDS Life Insurance Company. Except as expressly
8   admitted, Defendants deny each and every allegation in Paragraph 8.

9   9. Answering Paragraph 9 of the Complaint, Defendants admit that the Policy
10  has been in effect from March 15, 1991 through the present. Except as expressly
11  admitted, Defendants deny each and every allegation contained in Paragraph 9.

12  10. Answering Paragraph 10 of the Complaint, Defendants admit Plaintiff
13  submitted a claim for total disability benefits claiming total disability in March 1992.
14  Defendants further admit that RiverSource Life made a determination that Plaintiff met
15  the definition of total disability from her regular occupation as of March 1992. Except as
16  expressly admitted, Defendants deny each and every allegation in Paragraph 10.

17  11. Answering Paragraph 11 of the Complaint, Defendants admit that Plaintiff
18  was paid total disability benefits of no less than $1,525.00 per month from March 1992
19  through March 30, 2012. Defendants further admit that Riversource Life made a
20  determination that Plaintiff did not meet the definition of total disability from her regular
21  occupation under the Policy and stopped making benefit payments. The Policy speaks
22  for itself. Except as expressly admitted, Defendants deny each and every allegation in
23  Paragraph 11.

24  12. Answering Paragraph 12 of the Complaint, Defendants admit that Plaintiff
25  listed her primary occupation as a trainer (for medium and small business), that her
26  occupational duties were training computer software and that the occupation at the time
27  of Plaintiff's March 1992 claim required some standing. Except as expressly admitted,
28  Defendants deny each and every allegation in Paragraph 12.

GORDON & REES LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003

13. Answering Paragraph 13 of the Complaint, Defendants admit that Plaintiff has been diagnosed with certain medical conditions. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Defendants admit that Plaintiff has been diagnosed with certain medical conditions which Plaintiff's medical records indicate have been treated with medication and other treatments. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 14 and, on those grounds, denies each and every remaining allegation in Paragraph 14.

15. Answering Paragraph 15 of the Complaint, Defendants admit that Plaintiff has been diagnosed with certain medical conditions. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 15 and, on those grounds, denies each and every remaining allegation in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Defendants deny that RiverSource Life improperly refused to pay Plaintiff benefits under the Policy. Defendants are without knowledge or belief to respond to the remaining allegations of Paragraph 16, and on that basis deny each and every remaining allegation in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Defendants admit that RiverSource Life has medical records related to Plaintiff's claimed medical condition. The medical records speak for themselves. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Defendants admit that RiverSource Life sent a March 30, 2012 letter to Plaintiff setting forth its claim decision. The letter speaks for itself. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Defendants admit that RiverSource Life properly determined that Plaintiff did not meet the definition of total disability under the Policy and stopped paying benefits as of March 30, 2012.

1  Defendants also admit that Plaintiff does not qualify for a premium waiver. Except as
2  expressly admitted, Defendants deny each and every allegation in Paragraph 19.
3    20. Answering Paragraph 20 of the Complaint, Defendants are without
4  knowledge or belief to respond to the allegations and on that basis deny each and every
5  allegation in Paragraph 20.
6    21. Answering Paragraph 21 of the Complaint, Defendants admit that Plaintiff
7  has been diagnosed with certain medical conditions. Except as expressly admitted,
8  Defendants deny each and every allegation in Paragraph 21.
9    22. Answering Paragraph 22 of the Complaint, Defendants admit that
10 Plaintiff's claim has been handled by different adjustors over the course of twenty years.
11 Defendants further admit that RiverSource Life scheduled certain medical examinations
12 for Plaintiff. Defendants admit that RiverSource Life insurance claim adjustors are
13 trained to be timely and courteous and dealt with Plaintiff courteously, without contempt
14 and in a timely manner. Except as expressly admitted, Defendants deny each and every
15 allegation in Paragraph 22.
16   23. Answering Paragraph 23 of the Complaint, Defendants admit that Charles
17 Engh was assigned to handle Plaintiff's claim. Defendants further admit that Plaintiff
18 had communications with Mr. Engh's supervisor, Elsaa Ostergren, and complained about
19 the handling of her claim. Except as expressly admitted, Defendants deny each and every
20 allegation in Paragraph 23.
21   24. Answering Paragraph 24 of the Complaint, Defendants admit that Charles
22 Engh called Plaintiff on March 29, 2012. Defendants dispute Plaintiff's characterization
23 of the conversation. Defendants admit that RiverSource Life notified Plaintiff by letter
24 dated March 30, 2012 that Plaintiff no longer qualified for total disability benefits under
25 the Policy and that benefits would discontinue. The letter speaks for itself. Except as
26 expressly admitted, Defendants deny each and every allegation in Paragraph 24.
27   25. Answering Paragraph 25 of the Complaint, Defendants deny each and
28 every allegation contained therein.

GORDON & REES LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003

26. Answering Paragraph 26 of the Complaint, Defendants deny that Plaintiff's claim was wrongfully denied. Defendants are without knowledge or belief to respond to the remaining allegations and on that basis deny each and every allegation in Paragraph 26.

27. Answering Paragraph 27 of the Complaint, Defendants admit that Plaintiff has had communications with RiverSource Life regarding her claim. RiverSource Life denies that it improperly discontinued the payments of benefits to Plaintiff. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 27.

28. Answering Paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein as it constitutes legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein as it constitutes legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every allegation contained therein.

## **FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

30. Answering Paragraph 30 of the Complaint, Defendants incorporate their responses contained therein all of the preceding Paragraphs of this Answer.

31. Answering Paragraph 31 of the Complaint, Defendants deny each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

33. Answering Paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

1  34. Answering Paragraph 34 of the Complaint, Defendants deny each and
2 every allegation contained therein.

3  35. Answering Paragraph 35 of the Complaint, Defendants deny each and
4 every allegation contained therein.

5  36. Answering Paragraph 36 of the Complaint, Defendants deny each and
6 every allegation contained therein.

7  37. Answering Paragraph 37 of the Complaint, Defendants deny each and
8 every allegation contained therein.

9  38. Answering Paragraph 38 of the Complaint, Defendants deny each and
10 every allegation contained therein.

11  39. Answering Paragraph 31 of the Complaint, Defendants admit that this
12 action arises out of the Policy.  Defendants deny each and every remaining allegation
13 contained therein.

## SECOND CLAIM FOR RELIEF

**(Insurance Bad Faith - Breaches of Covenants of Good Faith and Fair Dealing)**

16  40. Answering Paragraph 40 of the Complaint, Defendants incorporate their
17 responses contained in all of the preceding Paragraphs of this Answer.

18  41. Answering Paragraph 41 of the Complaint, Defendants deny each and
19 every allegation contained therein.

20  42. Answering Paragraph 42 of the Complaint, Defendants deny each and
21 every allegation contained therein.

22  43. Answering Paragraph 43 of the Complaint, Defendants deny each and
23 every allegation contained therein.

24  44. Answering Paragraph 44 of the Complaint, Defendants deny each and
25 every allegation contained therein

26  45. Answering Paragraph 45 of the Complaint, Defendants deny each and
27 every allegation contained.

28 ////

**GORDON & REES LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003

1     46.     Answering Paragraph 36 of the Complaint, Defendants deny each and
2 every allegation contained therein.
3     47.     Answering Paragraph 47 of the Complaint, Defendants deny each and
4 every allegation contained therein.
5     48.     Answering Paragraph 48 of the Complaint, Defendants deny each and
6 every allegation contained therein.
7     49.     Answering Paragraph 49 of the Complaint, Defendants admit that on March
8 29, 2012, Charles Engh spoke to Plaintiff.  Defendants dispute Plaintiff's characterization
9 of the conversation.  Defendants further admit that RiverSource Life sent a March 30,
10 2012 letter to Plaintiff explaining the claim decision.  The letter speaks for itself.  Except
11 as expressly admitted, Defendants deny each and every allegation in Paragraph 49.
12     50.     Answering Paragraph 50 of the Complaint, Defendants deny each and
13 every allegation contained therein.
14     51.     Answering Paragraph 51 of the Complaint, Defendants deny each and
15 every allegation contained therein
16     52.     Answering Paragraph 52 of the Complaint, Defendants deny each and
17 every allegation contained therein.
18     53.     Answering Paragraph 53 of the Complaint, Defendants deny each and
19 every allegation contained therein.
20     54.     Answering Paragraph 54 of the Complaint, Defendants deny each and
21 every allegation contained therein.
22     55.     Answering Paragraph 55 of the Complaint, Defendants deny each and
23 every allegation contained therein.
24     56.     Answering Paragraph 56 of the Complaint, Defendants deny each and
25 every allegation contained therein.
26 ////
27 ////
28 ////

GORDON & REES LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendants in this matter. Defendants therefore assert the following defenses in order to preserve their right to assert them.

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim)

The Complaint, and each purported cause of action therein, fails to state a claim sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Complaint, and each purported cause of action therein, is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

(Estoppel)

By reason of the acts, omissions, and representations of Plaintiff and others, upon which Defendants relied to their detriment, Plaintiff is estopped from asserting the claims for relief arising from the allegations of the Complaint, and each purported cause of action therein.

### FOURTH AFFIRMATIVE DEFENSE

(Waiver)

By reason of the acts, omissions, and representations of the Plaintiff and others, Plaintiff has waived all claims for relief arising from the allegations of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches to the extent Plaintiff failed to take timely action to assert her rights, if any, and this delay has caused substantial prejudice to Defendants.

////

## SIXTH AFFIRMATIVE DEFENSE

(Policy Terms, Provisions, Exclusions)

Plaintiff's claims are barred, in whole or in part, by the applicable terms, provisions and conditions set forth in the contract at issue., including the definition of disability, partial disability and/or total disability.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid her damages.

## EIGHTH AFFIRMATIVE DEFENSE

(Plaintiff's Own Negligence/Fault)

Plaintiff's claims are barred, in whole or in part, because her damages were caused, in whole or in part, by her own negligence or fault or the negligence or fault of her agents.

## NINTH AFFIRMATIVE DEFENSE

(Superseding/Intervening Causes)

Plaintiff's claims are barred, in whole or in part, because her damages were caused, in whole or in part, by the superseding and intervening acts and/or omissions of other persons or entities and not by Defendants or any of their agents.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Proximate Cause)

The proximate cause of any injury, damages, or other harm Plaintiff claims to have suffered was caused solely by the act or omission of Plaintiff or by the act or omission of persons or entities other than Defendants and/or any of their agents.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Damages)

Plaintiff has not been damaged, and especially has not been damaged by any conduct of Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

(Invalidity of Punitive Damages Statute)

California Civil Code section 3294, under which Plaintiff's claim for punitive damages is apparently made, is invalid on its face or as applied to Defendants pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16 of the California Constitution

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Equal Protection)

The provisions of California law limiting the amount of punitive damages which may be awarded in specified types of cases, while allowing unlimited punitive damages for other tortious conduct, constitutes impermissible discrimination against those subject to unlimited punitive damage awards, such as Defendants, and in favor of those Defendants not subject to unlimited punitive damage awards, in violation of Article IV, Section 2, and the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7, and Article IV, Section 16 of the California Constitution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Procedural Due Process)

Plaintiff's claims for exemplary or punitive damages pursuant to Civil Code section 3294 violate Defendants' right to procedural due process, guaranteed by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and therefore fail to state a cause of action upon which either punitive or exemplary damages can be awarded.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Due Process)

Plaintiff's claims for punitive or exemplary damages pursuant to Civil Code section 3294 violate Defendants' right to substantive due process, guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the

State of California, and therefore fails to state a cause of action supporting the claims for punitive or exemplary damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

Defendants reserve the right to allege additional affirmative defenses as they discover facts or circumstances supporting those affirmative defenses through discovery or otherwise.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint on file herein;
2. That Plaintiff's claims be dismissed;
3. That Defendants be awarded their costs of suit incurred herein; and
4. For such other relief as the court may deem just and proper.

DATED this 15th day of June, 2012

GORDON & REES LLP

By: s/ Stephen W. Tully
   Attorneys for Defendants
   Riversource Life Insurance Company
   and Ameriprise Financial Services, Inc.

I hereby certify that on June 15, 2012, I electronically
transmitted the attached document to the Clerk's Office
using the CM/ECF System for filing and transmittal
of a Notice of Electronic Filing to the following CM/ECF registrants:

Steven J. German, Esq.
ADELMAN GERMAN, P.L.C.
8245 North 85th Way
Scottsdale, AZ  85258
steve@adelmangerman.com
*Attorneys for Plaintiff*

By: s/ Trish Hoffmann

**GORDON & REES LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ  85003

APFI/1080634/12713397v